IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN PIERCE LOWREY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1045-A |
| | § | |
| JUDGE SCOTT WISCH, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the complaint filed in the above action by plaintiff, Stephen Pierce Lowrey, naming as defendants Judge Scott Wisch ("Wisch") and the Texas Board of Pardons and Paroles ("Board").

I.

Screening Under 28 U.S.C. § 1915A

Plaintiff is presently incarcerated in the Alfred D. Hughes Unit of the Texas Department of Criminal Justice in Gatesville, Texas. As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis

either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555; <u>Tuchman v. DSC Commc'ns Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the complaint, the court concludes that it should be dismissed in its entirety under the provisions of 28 U.S.C. § 1915A.

II.

Allegations of Plaintiff's Complaint

As best the court can tell, plaintiff is complaining of something that occurred either 20 or 33 years ago. Doc.[1] 2 at page 1 of Arguement [sic] and Authority. Plaintiff says that Wisch, the judge of the 372nd Judicial District Court of Tarrant County, Texas, has breached a plea agreement drafted and executed in 1983. Plaintiff characterizes this as a breach of contract. He then refers to a 1996 trial as being rife with errors and violations of his rights. Doc. 2 at page 5 (Conclusion and Fact). As for defendant Board, the form complaint filled out by plaintiff says that in August 2016, he was called to talk to the unit parole officer and was asked about his 1982 probation, "[t]hus breaching the 1983 contract again." Doc. 1 at typewritten fifth page. See also Doc. 2 at Ex. B (parole interview acknowledgment).

Plaintiff demands a jury trial and seeks damages of $1500 per day and $500 mental anguish per day from August 9, 1996, through resolution of this case and a reversal of his criminal case.[2] Doc. 1 at 4; Doc. 2 at 5-6 (Relief Requested).

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

[2] To the extent plaintiff seeks reversal of a conviction, that relief must be pursued through the filing of a petition under 28 U.S.C. § 2254.

3

III.

Analysis

A. Wisch

The law is clear that judges are absolutely immune for actions taken in their judicial capacity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Plaintiff is apparently complaining about something that happened during the course of trial. In addition, it appears that he may be complaining of actions taken by Wisch when he was an assistant district attorney. In that case, Wisch would also be entitled to immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). See also Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (per curiam); Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991).

B. Board

The Board, as a unit of state government, is entitled to sovereign immunity under the Eleventh Amendment, which, absent waiver, prohibits a federal court from hearing a claim against a state and it agencies and instrumentalities, regardless of the

4

nature of the relief sought or whether the claim is based on federal or state law. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Texas has not waived its immunity; accordingly, the claims against the Board are barred by the Eleventh Amendment. Cox v. Texas, 354 F. App'x 901 (5th Cir. 2009).

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants in this action be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. 1915A(b).

SIGNED December 29, 2016.

_____
JOHN McBRYDE
United States District Judge